# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DR. DERMELL BRUNSON**   * | |
| 2527 Brookfield Ave., Unit 2 | |
| Baltimore, Maryland 21217   * | |
| | |
| *Plaintiff*   * | |
| | |
| vs.   * | Civil No.: _____ |
| | |
| **ERIE INSURANCE**   * | |
| 100 Erie Insurance Place | |
| Erie, Pennsylvania 16530-0001   * | |
| | |
| <u>Serve:</u> Therese M. Goldsmith   * | |
| Insurance Commissioner | |
| Maryland Insurance Administration   * | |
| 200 St. Paul Place, Suite 2700 | |
| Baltimore, Maryland 21202   * | |
| | |
| *Defendant*   * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Dr. Dermell Brunson, by his attorney, Shani Dinovitz, Esq. and the Law Office of Shani Dinovitz, LLC, files this Complaint seeking a declaration that Erie Insurance ("Erie") is responsible for satisfying the judgment awarded in favor of Plaintiff and against Erie's insured, Cromwell & Sons, Inc., for damages incurred by Plaintiff, and in support thereof states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident and citizen of the State of Maryland.

2. Defendant is a corporation organized under the laws of the State of Pennsylvania with its principal place of business in Erie, Pennsylvania. Erie is a commercial liability insurer and transacts business in the State of Maryland.

3. This Court has jurisdiction in this action pursuant to 28 U.S.C. § 1332, as amended, as the matter in controversy involves a dispute between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4. Venue is proper in this District pursuant 28 U.S.C. § 1391(b), as the events giving rise to this Complaint occurred in this District.

## FACTS

5. The purpose of this declaratory judgment action is to request that the Court declare the responsibilities of Erie Insurance with respect to its obligation to satisfy the judgment against Erie's insured and in favor of Plaintiff.

   a. The Underlying Lawsuit

6. On or about July 10, 2008, Plaintiff entered into a contract with Cromwell & Sons, Inc. ("Cromwell" or "Erie's insured") for the rehabilitation of the property located at 2313 Ruskin Avenue, Baltimore, Maryland 21217 (the "Contract," attached hereto as Exhibit A).

7. Pursuant to the Contract, Cromwell was to act as the contractor on the rehabilitation project.

8. Almost immediately, Cromwell breached the Contract. Specifically, the Contract provided that "work will begin within 30 days of loan closing with the Lender and will be completed by December 27, 2008 …" Instead, Cromwell did not begin working on the property until November 8, 2008. As of January 24, 2009, only one-quarter of the required work had been

completed, and had been completed in such a shoddy manner as to require thousands of dollars in extensive repair work.

9. On December 30, 2008, Cromwell posted a letter on the property informing Plaintiff that no further work would be performed, and attempted to extort additional funds from Plaintiff.

### b. Erie's Refusal to Satisfy the Judgment Against its Insured

10. According to the records of the Maryland Home Improvement Commission, a division of the Maryland Department of Labor, Licensing and Regulation, Erie has insured Cromwell under a commercial liability policy since as early as 2004.

11. Erie issued its Fivestar Contractors Policy to Cromwell (the "Policy"), and subsequently issued a "Renewal Certificate" (see Exhibit B) providing that coverage was in effect for the period November 9, 2007 through November 9, 2008 (among other periods of coverage described infra). The limits of insurance provided for in the Renewal Certificate are $1,000,000 per occurrence, with a products/completed operations aggregate limit of $2,000,000.

12. In addition to the period of coverage provided for in the Renewal Certificate, Cromwell had renewed its Policy with Erie as recently as June 29, 2009, for coverage extending through November 9, 2009.

13. According to Erie, the Fivestar Liability Coverage policy provides total coverage for property damage, completed operations coverage, and blanket contractual liability coverage. (*See* http://www.erieinsurance.com/business/C_LiabilityCoverage.aspx, accessed July 19, 2012 and attached hereto as Exhibit C). The Fivestar Liability Coverage includes standard insurance clauses for the indemnity of its insureds.

14. In a letter to Erie dated January 6, 2011, prior to taking any court action against Erie's insured, Plaintiff informed Erie, in remarkable detail, of the liability of Erie's insured and the

circumstances surrounding the breach of contract by Erie's insured with respect to the property located at 2313 Ruskin Avenue, Baltimore, Maryland 21217. Erie was further informed of the compensation due to Plaintiff in light of the actions of Erie's insured. (See Exhibit D)

15. In a subsequent phone conversation, an Erie representative informed Plaintiff's then counsel that Plaintiff's claim was under investigation, that Cromwell was being non-responsive, and that Erie "could not do anything" to assist Plaintiff.

16. In a letter from Erie to Plaintiff dated March 14, 2011 (see Exhibit E), Erie indicated that it had investigated the claim against Cromwell, its insured, and that Erie is "unable to assist you with this claim. Please direct all inquiries directly to Cromwell & Sons, Inc." Erie refused to act on Plaintiff's claim against Cromwell.

17. In its March 14, 2011 letter, Erie acknowledged that Cromwell is an "ERIE Insured" and provided a claim number (#010210758640). The letter also indicated a "Date of Loss" of January 19, 2009, the date on which Plaintiff had written a letter to Cromwell formally relieving it of its duties following Cromwell's multiple breaches of its contract with Plaintiff.

18. As instructed by Erie, Plaintiff then directed his attention to Cromwell via a claim against Cromwell in the Circuit Court for Baltimore City (case number 24-C-11004267), which claim ultimately resulted in a judgment in favor of Plaintiff and against Cromwell in the amount of One Hundred and Seventy Four Thousand One Hundred Fifty Dollars ($174,150.00) (the "Judgment"). The Judgment was ordered on April 30, 2012 and entered on May 10, 2012 (see Exhibit F, Notice of Recorded Judgment, issued on May 29, 2012).

19. Yet again, on June 12, 2012, counsel for Plaintiff sent a letter to Erie (see Exhibit G) which noted the previous correspondence with Erie, the fact that Erie had ample notice of the claim, and requested that Erie pay the full amount of the Judgment against its insured.

20. Erie responded via letter dated June 15, 2012 in which it stated that "ERIE cannot respond to your demand as there was no coverage afforded under the policy for this loss." (See Exhibit H).

21. Yet again, via letter to Erie dated June 18, 2012 (see Exhibit I), Plaintiff's counsel again informed Erie that it is bound by the judgment against its insured, and requested that Erie immediately forward a copy of the Policy and utilize the opportunity to proceed in good faith and satisfy the judgment.

22. On June 22, 2012, Plaintiff's counsel again requested a copy of the Policy from Erie. Erie commercial liability specialist Laetitia R. Gerrety was resistant, and informed Plaintiff's counsel that she would have to determine whether or not she could disclose a copy of the Policy. She insisted that coverage was unavailable but refused to state Erie's reasons for denying coverage.

23. On June 24, 2012, Plaintiff's counsel again requested a copy the Policy from Erie.

24. On June 26, 2012, Plaintiff's counsel again requested a copy of the Policy from Erie, and this time Ms. Gerrety refused to provide a copy of the Policy. Ms. Gerrety instead now insisted that no policy was in force at the time of the loss. Ms. Gerrety followed up with a letter to Plaintiff's counsel re-iterating Erie's position that no policy was in force at the time of the loss.

25. The Contract between Plaintiff and Cromwell was entered into on July 10, 2008 and breached almost immediately thereafter. Liability incurred under the Contract by Cromwell was incurred during the period that the Policy was in full force and effect (the Renewal Certificate indicates a policy period of November 9, 2007 through November 9, 2008) between Erie and Cromwell.

26. The Fivestar Contractors Policy directly covers liability incurred by Cromwell stemming from the breach of Contract that resulted in a $174,000 judgment against Cromwell.

## COUNT I
### Declaratory Judgment

27. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

28. The Fivestar commercial liability policy issued by Erie provides coverage for the judgment awarded to Plaintiff in the lawsuit filed by Plaintiff against Cromwell. Therefore, Erie has a duty to satisfy the Judgment against its insured by making a payment in the full amount of the judgment to Plaintiff.

29. Plaintiff has repeatedly demanded satisfaction of the judgment by Erie, and Erie has refused. An actual and justiciable controversy exists among the parties as to the rights and responsibilities of each with respect to Erie's obligation to satisfy the Judgment.

WHEREFORE, Plaintiff prays for the following relief:

A. That this Court declare the rights, duties and obligations the parties;

B. That this Court declare that Erie is obligated to satisfy the judgment against its insured in the amount of $174,150, as the Policy was in full force and effect at the time liability was incurred;

30. That this Court award attorneys' fees and expenses incurred in prosecuting this action;

31. That this Court grant such further relief as the nature of this cause may require.

Respectfully submitted,

_____/s/_____
Shani Dinovitz, Esq.
Law Office of Shani Dinovitz, LLC
2910 W. Strathmore Ave.
Baltimore, Maryland 21209
Tel.: 410-963-5804
Fax: 480-247-4270
Bar number: 27698
*Counsel for Plaintiff*