IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

DR. DERMELL BRUNSON,

 Plaintiff,

v.          CIVIL NO.: WDQ-12-2152

ERIE INSURANCE,

 Defendant.

MEMORANDUM OPINION

Dr. Dermell Brunson sued Erie Insurance[1] for a declaratory judgment that Erie is responsible for satisfying his judgment against Cromwell & Sons, Inc. ("Cromwell"). Pending is Erie's motion to dismiss for lack of subject matter jurisdiction. For the following reasons, the motion will be granted.

I. Background

On July 10, 2008, Brunson, a citizen of Maryland, contracted with Cromwell for property rehabilitation. ECF No. 1 ¶¶ 1, 6. Cromwell was insured under a Fivestar Contractors Policy issued by Erie Insurance Exchange from November 9, 2007

---

[1] Part of the pending motion concerns the name and identity of the proper defendant. Accordingly, this memorandum opinion will use "Erie" to refer to the currently named defendant. References to entities such as Erie Insurance Exchange will mean that specific entity.

through November 9, 2008.[2] *Id.* ¶ 11; ECF No. 1-4 (policy). Brunson sued Cromwell for breach of contract and won a judgment for $174,150.00 in the Circuit Court for Baltimore City; on May 10, 2012, the judgment was entered. ECF No. 1 ¶ 18. Brunson sought recovery from Erie, which informed him that no policy was in force at the time of the loss. *Id.* ¶ 24.

On July 19, 2012, Brunson sued Erie for a declaration that Erie has a duty to satisfy his judgment against Cromwell. *Id.* ¶ 27. Brunson claimed federal diversity jurisdiction, alleging that he is a citizen of Maryland, and Erie is a Pennsylvania corporation with its principal place in Erie, Pennsylvania. *Id.* ¶¶ 1-3. On August 10, 2012, Erie moved to dismiss for lack of subject matter jurisdiction, asserting that diversity is not complete because it is a citizen of, *inter alia*, Maryland. ECF No. 3. On August 26, 2012, Brunson opposed the motion. ECF No. 4. Erie did not reply.

On March 21, 2013, Erie filed an affidavit of Steven Hassman, a Vice President and Claims Manager of Erie Insurance Exchange, stating that on June 30, 2012, Erie Insurance Exchange had 485,710 policies in effect in Maryland, and on July 31,

---

[2] Cromwell is--or was--a Maryland corporation with its office in Maryland; according to the Maryland Department of Assessments & Taxation ("SDAT"), Cromwell forfeited its corporate existence in 2004. *See Entity Detail: CROMWELL & SONS INC.*, Department of Assessments & Taxation, http://sdatcert3.resiusa.org/ucc-charter/DisplayEntity_b.aspx?EntityID=D06865448&EntityName=CROMWELL+%26+SONS+INC.&TabNum=2 (last accessed March 22, 2013).

2012, there were 487,046 policies. ECF No. 6-1; *see also* ECF No. 5 (ordering information on policy holders).

## II. Analysis

### A. Legal Standard

Under Fed. R. Civ. P. 12(b)(1), the Court must dismiss an action if it lacks subject matter jurisdiction. The plaintiff has the burden of proving jurisdiction, and the Court must make all reasonable inferences in the plaintiff's favor. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). The Court may "look beyond the pleadings" to decide whether it has subject matter jurisdiction, but it must presume that the factual allegations in the complaint are true. *Id.*

### B. The Proper Defendant

Erie asserts that Erie Insurance Exchange is the proper defendant in this action and that the docket should be corrected accordingly. ECF No. 3-1 at 2. Brunson asserts that Erie Insurance is a Pennsylvania entity "which encompasses all branches of Erie." ECF No. 4 at 3. In support, he cites Erie's website and the Pennsylvania Department of State. *Id.*

The structures and powers of a business entity are governed by state law, not its websites. *See Cort v. Ash*, 422 U.S. 66, 84 (1975) ("Corporations are creatures of state law."). Further, the Pennsylvania Department of State's website confirms

3

that "Erie Insurance" is a fictitious name owned by various Erie companies.[3] Under Pennsylvania law, a fictitious name is "[a]ny assumed or fictitious name, style or designation other than the proper name of the entity using such name." 54 Pa. Cons. Stat. Ann. § 302. A proper name is the one stated in articles of incorporation or another document organizing the entity. *Id.*

Accordingly, "Erie Insurance," a fictitious name used by several entities, is not a proper party to this suit. Cromwell's declarations page is clear that Erie Insurance Exchange is the insurer, and the correct defendant in this case. ECF No. 1-4. The Clerk of the Court will be directed to correct the docket.

C. Citizenship of Erie Insurance Exchange

Brunson asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332 because he and Erie Insurance Exchange[4] are citizens of different states. ECF Nos. 1 ¶ 3, 4 at 4. Erie contends that Brunson and Erie Insurance Exchange are citizens of Maryland. ECF No. 3.

---

[3] *See* ECF No. 4-1; Business Entity Filing History, *Pennsylvania Department of State*, https://www.corporations.state.pa.us/corp/soskb/Corp.asp?2861010 (last accessed March 22, 2013). The owners listed are Erie Indemnity Company, Erie Insurance Exchange, Erie Insurance Company, Erie Family Life Insurance Company, Erie Insurance Property & Casualty, Flagship City Insurance Company, EI Service Corp., and Erie Insurance Company of New York. *Id.*

[4] Brunson makes this alternative assertion should the Court order restyling of the case. ECF No. 4 at 4.

Generally, "[s]ection 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *see Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). A corporation is the citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see Cent. W. Va. Energy Co.*, 636 F.3d at 103. An unincorporated association bears the citizenship of each of its members. *Clephas v. Fagelson, Shonberger, Payne & Arthur*, 719 F.2d 92, 93-94 (4th Cir. 1983). The Court "determines the existence of diversity jurisdiction at the time the action is filed." *Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255 (4th Cir. 2002) (internal quotation marks omitted).

Brunson asserts that Erie Insurance Exchange is a stock corporation according to SDAT. ECF No. 4 at 5. Brunson is correct that the SDAT website lists Erie Insurance Exchange as a stock corporation.[5] However, the scanned approval sheet does not

---

[5] *See* ECF No. 4-4; Entity Name: ERIE INSURANCE EXCHANGE, Department of Assessments & Taxation, http://sdatcert3.resiusa.org/ucc-charter/DisplayEntity_b.aspx?EntityID=F10434173&EntityName=ERIE+INSURANCE+EXCHANGE&TabNum=1 (last accessed March 22, 2013); ECF No. 4-4.

have "Stock" or "Nonstock" checked.[6]  Further, there is no dispute that Erie Insurance Exchange is governed by the laws of Pennsylvania.  *See* ECF No. 4; *see also* 40 Pa. Stat. Ann. § 961 (authorizing reciprocal insurance exchanges).  Accordingly, Erie Insurance Exchange's status under Pennsylvania law governs--not what the Maryland SDAT reports.

Erie asserts that Erie Insurance Exchange is a reciprocal insurance exchange, ECF No. 3-1 at 3, and Brunson appears to concede that this is correct if the Court rejects his corporate arguments, *see* ECF No. 4 at 2, 5-6.  Numerous cases reflect that Erie Insurance Exchange is a reciprocal insurance exchange, an unincorporated entity.[7]  Accordingly, Erie Insurance Exchange has the citizenship of all of its members.  *Clephas*, 719 F.2d at 93-94.

Brunson asserts that binding precedent from this District requires this Court to find subject matter jurisdiction in this case, even if Erie Insurance Exchange is an unincorporated entity.  ECF No. 4 at 5.  The case to which he refers is *Erie*

---

[6] *See* Corporate Charter Approval Sheet, http://sdatcert3.resiusa.org/ucc-charter/ViewDoc.asp?Film=B00756&Folio=0822&Pages=0001&Date=01 01 2005&Ack=1000361990876264&Domain=Charter&ID=F10434173&Name=ERIE INSURANCE EXCHANGE&source=1 (last accessed March 22, 2013).

[7] *See, e.g. Erie Ins. Exch. v. Davenport Insulation, Inc.*, 616 F. Supp. 2d 578, 579-80 (D. Md. 2009); *Hiob v. Progressive Am. Ins. Co.*, Civil No. AMD-08-744, 2008 WL 5076887, at *1 (D. Md. Nov. 24, 2008).

*Insurance Exchange v. Davenport Insulation, Inc.*, 616 F. Supp. 2d 578 (D. Md. 2009). *See* ECF No. 4 at 2. Brunson is incorrect that *Davenport* binds this Court. "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."[8] Accordingly, *Davenport* is not binding on this Court.[9]

In *Davenport*, the court found diversity jurisdiction because (1) there was no evidence that Erie Insurance Exchange had any policy holders in Florida, where the defendants were citizens, and (2) Erie Insurance Exchange's policy holders were customers, not members. *Davenport*, 616 F. Supp. 2d at 580. The only case on which *Davenport* relied for the second proposition was *Garcia v. Farmers Insurance Exchange*, 121 F. Supp. 2d 667

---

[8] 18 J. Moore et al., *Moore's Federal Practice* § 134.02[1][d], at 134-26 (3d ed. 2011), *quoted in Camreta v. Greene*, 131 S. Ct. 2020, 2023 n.7 (2011).

[9] Brunson also asserts that Erie should be estopped from claiming lack of subject matter jurisdiction because Erie Insurance Exchange, as a plaintiff, has represented in other cases--in this District and others--that it is a Pennsylvania corporation. ECF No. 4 at 6-7. Brunson's argument is misplaced. "'[N]o action of the parties can confer subject-matter jurisdiction upon a federal court,' and ordinary principles of consent, wavier, and estoppel do not apply." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

(N.D. Ill. 2000).[10] *Davenport*, 616 F. Supp. 2d at 580. Neither *Davenport* nor *Garcia* identified the members of a reciprocal insurance exchange. Cf. id.; *Garcia*, 121 F. Supp. 2d at 669.

It appears that every court that has addressed the citizenship of a reciprocal insurance exchange since *Davenport* has disagreed with that case and *Garcia*--including other judges in the Fourth Circuit and the Northern District of Illinois--and held that a reciprocal insurance exchange has the citizenship of its policyholders.[11] It appears no court of appeal has addressed the issue.

The Court agrees with many others that *Davenport* and *Garcia* are "against the greater weight of authority." E.g., *Electrolux*, 2011 WL 2945814 at *2. Brunson does not provide any rationale for following *Davenport*--or why that case was correctly decided--other than its status as "binding" precedent. Cf. ECF No. 4 at 4-7. In light of *Davenport's* and *Garcia's*

---

[10] *Davenport* also cited *Federal Procedure, Lawyers Ed.*, § 1:173 (2008) for the same. See *Davenport*, 616 F. Supp. 2d at 580. However, that text relied solely on *Garcia* for this principle. See *Federal Procedure*, § 1:173.

[11] See, e.g., *Hartfield v. Farmers Ins. Exch.*, No. 11-13719, 2013 WL 136235, at *3-4 (E.D. Mich. Jan. 10, 2013); *Salvi v. Erie Ins. Exch.*, No. 3:12-CV-150, 2012 WL 1715910, at *2 (E.D. Va. May 15, 2012); *Farmers Ins. Exch. v. MTD Prods., Inc.*, No. 3:11-CV-2405-L, 2011 WL 5877025, at *3-5 (N.D. Tex. Nov. 22, 2011); *AMCO Ins. Co. v. Erie Ins. Exch.*, No. 11 C 4842, 2011 WL 5833977, at *3 (N.D. Ill. Nov. 16, 2011); *Erie Ins. Exch. v. Electrolux Home Prods., Inc.*, No. 3:10cv615, 2011 WL 2945814, at *1-2 (W.D.N.C. July 15, 2011).

failure to identify the members of a reciprocal insurance exchange, the Court is convinced by the numerous courts that have held that the members of a reciprocal insurance exchange are their policy holders. Accordingly, Erie Insurance Exchange policy holders are the members whose citizenship must be analyzed.[12]

Although no exact number is available, Erie Insurance Exchange had nearly half a million policies in effect in Maryland on the day the complaint was filed. ECF No. 6-1. Erie Insurance Exchange bears those members'--some of whom are Maryland citizens--citizenship, making it a citizen of Maryland. Accordingly, complete diversity does not exist, and this Court lacks jurisdiction. *See Cent. W. Va. Energy Co.*, 636 F.3d at 103.

III. Conclusion

For the reasons stated above, Erie's motion to dismiss for lack of subject matter jurisdiction will be granted.

_____
3/27/13
Date

_____
William D. Quarles, Jr.
United States District Judge

---

[12] *See, e.g., Electrolux*, 2011 WL 2945814, at *1-2; *Themis Lodging Corp. v. Erie Ins. Exch.*, No. 1:10 CV 0003, 2010 WL 2817251, at *1 (N.D. Ohio July 16, 2010); *Lavaland, LLC v. Erie Ins. Exch.*, No. 08-771-DRH, 2009 WL 3055489, at *2-3 (S.D. Ill. Sept. 22, 2009); *Hiob*, 2008 WL 5076887, at *1.